■ GOSHEN DEVELOPMENT CORP., Appellant, v HUDSON VALLEY ENGINEERING ASSOCIATES, P. C., et al., Respondents. [719 NYS2d 703] —In an action, *inter alia*, to recover damages for engineering malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 28, 1999 which, *inter alia*, granted the defendants' motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the appellant's causes of action accrued when the Planning Board of the Town of Goshen (hereinafter the Town) issued conditional preliminary approval for a subdivision on December 21, 1989. The Supreme Court properly granted the defendants' motion to dismiss the complaint on the ground that it was barred by the six-year Statute of Limitations as the instant action was commenced on June 18, 1996 (*see, Sears Roebuck & Co. v Enco Assocs.,* 43 NY2d 389). Under the circumstances of this case, the "continuous representation" doctrine does not apply. The critical date herein is December 21, 1989, the date on which the Town is-

sued the conditional preliminary approval for a six-lot subdivision. Engineering services rendered by the defendants thereafter would not have increased the number of lots permitted in the subdivision (*cf., Sosnow v Paul,* 36 NY2d 780). Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.